UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12CV-P141-R

THOMAS RIDGEWAY                                                                PLAINTIFF

v.

COMMONWEALTH OF KENTUCKY *et al.*                         DEFENDANTS

**MEMORANDUM AND ORDER**

By Order entered November 9, 2012 (DN 3), the Court ordered Plaintiff (1) to submit his complaint on a Court-supplied form for filing a civil-rights action pursuant to 42 U.S.C. § 1983; (2) to either pay the $350.00 filing fee in full or file an application to proceed without prepayment of fees along with a certified copy of his prison trust account statement; and (3) to submit a completed summons form for each Defendant named in the complaint. The Court warned Plaintiff that his failure to comply with any part of the Order within 30 days may result in dismissal of the action.

Plaintiff did not comply within the 30 days but filed a motion for appointment of counsel (DN 4). Therein, he asks for counsel to represent him in the action and to assist him in the completion of the forms. He states that he is "an untrained pro-se advocate" who is unable to represent himself "effectively." He reports that he is in a Class-D facility with "no access to essentials needed to adequately defend" himself. He also states that he has no access to prior accounting records for the six-month period immediately preceding the filing of the complaint as required in the application to proceed without prepayment of fees due to three institutional transfers in the last six months. He further states that the staff where he is incarcerated is not allowed to assist him "for any reason, especially in a civil action against the Commonwealth to

obtain this information, or sign the needed authorization documents for me." He claims that he needs legal assistance because he "will have to take legal action subpoenas, etc to access, and obtain this information." Finally, Plaintiff asserts that he has "some mental insufficiencies that may affect adversely my ability to represent myself adequately in my case according to a jury verdict of mentally inversive; unable to understand complicated process, mentally incontinent, incompetent on March 13, 2010 in Marshall Co. District Court Civil Case No 09-H-00009-003."

Despite Plaintiff's claim to the contrary, in a civil case such as this action brought under 42 U.S.C. § 1983, appointment of counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Title 28 of the United States Code, Section 1915(e)(1)[1] indicates that court-enlisted assistance of counsel is not mandatory but merely a matter of discretion. *See, e.g., Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court. It is a privilege and not a right.") (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). "'It is a privilege that is justified only by exceptional circumstances.'" *Lavado v. Keohane*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Id.* (citations omitted).

---

[1] Section 1915(e)(1) provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." (Emphasis added).

Plaintiff has not demonstrated exceptional circumstances. As to his claim that staff at the facility in which he is currently incarcerated will not provide him with the prison trust account statement and/or certification needed for him to complete the application to proceed without prepayment of fees, the information is required by statute, 28 U.S.C. § 1915(b), and the Court will request the information from the jailer. Further, despite Plaintiff's alleged "mental insufficiencies," he has not alleged how his condition prevents him from litigating the instant action. He was able to clearly articulate his concerns in his motion for counsel, and a determination as to his mental state made by a state court in March 2010, does not provide information about Plaintiff's current mental capabilities. At this very beginning stage of the action, Plaintiff needs only to fill out forms, and it appears that the only difficulty he is having in litigating his case at this time is that the jail will not provide him with the information needed to fill out his application to proceed without prepayment of fees.

Finding no exceptional circumstances,

**IT IS ORDERED** that the motion for appointment of counsel (DN 4) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that within **30 days** of the entry date of this Memorandum and Order,

**(1) Plaintiff must submit his complaint on a Court-supplied form for filing a civil-rights action pursuant to 42 U.S.C. § 1983.** The **Clerk of Court is DIRECTED** to write the instant case number on a blank § 1983 form and send it to Plaintiff for completion.

**(2) Plaintiff must either pay the $350.00 filing fee in full or file an application to proceed without prepayment of fees along with a certified copy of his prison trust account**

statement.  The **Clerk of Court is DIRECTED** to write the instant case number on a blank application to proceed without prepayment of fees and send it to Plaintiff for completion.

(3)  **Plaintiff must submit a completed summons form for each Defendant named in the complaint.**  The **Clerk of Court is DIRECTED** to send Plaintiff six blank summons forms.[2]

**Plaintiff is WARNED that his failure to comply with any part of this Order within 30 days will result in dismissal of the action.**

Finally, Plaintiff claims that the Boyle County Detention Center, his present place of confinement, refuses to provide him with a certified copy of his prison trust account statement. The Court requires this information to rule on his application.  *See* 28 U.S.C. § 1915(b).

Accordingly, **the Court REQUESTS the Jailer of the Boyle County Detention Center, or his authorized designee, within 30 days of the entry of this Memorandum and Order, to mail a certified copy of Plaintiff's prison trust account statement for the prior six months[3] to this Court along with a copy of this Order.**

Date:



cc:     Plaintiff, *pro se*
        Jailer, Boyle County Detention Center, 1860 Danville Bypass, Danville, KY 40422
4413.005

---

[2] The Court offers the following guidance to Plaintiff in his completion of the summons forms: (1) prepare a summons for each Defendant sued; (2) write or type the Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in the space provided; (4) **do not** fill in any other part of the summons form and **do not** mail the summons to any of the Defendants.

[3] If Plaintiff has been incarcerated at the facility less than six months, the Court requests a certified copy of the trust account statement for the period of time that he has been incarcerated there.