**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO. 5:12CV-P141-R**

**THOMAS RIDGEWAY**                                                                 **PLAINTIFF**

v.

**COMMONWEALTH OF KENTUCKY** *et al.*                                **DEFENDANTS**

**MEMORANDUM OPINION**

By Memorandum and Order entered December 21, 2012, the Court denied Plaintiff's motion for appointment of counsel and ordered him to comply with several deficiencies (DN 5). On January 22, 2013, the U.S. Postal Service returned the Memorandum and Order to the Court (DN 9). The envelope was marked "Return to Sender" and "Not Here."

Upon filing the instant action, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(d) ("All pro se litigants must provide written notice of a change of address to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Apparently, Plaintiff is no longer incarcerated at the Boyle County Detention Center, and because he has not provided any forwarding address to the Court, neither notices from this Court nor filings by Defendants can be served on him. In such situations, courts have an inherent power "acting on their own initiative to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because it appears to this Court that Plaintiff has abandoned any interest in prosecuting this case, the Court will dismiss the action by separate Order.

Date:

cc:     Plaintiff, *pro se*
4413.005